

# Notice of Service of Process

null / ALL
Transmittal Number: 24473444
Date Processed: 02/15/2022

| | |
|---|---|
| **Primary Contact:** | Jennifer Moore<br>Cintas Corporation<br>6800 Cintas Blvd<br>Mason, OH 45040-9151 |
| **Entity:** | Cintas Corporation No. 2<br>Entity ID Number  3171939 |
| **Entity Served:** | Cintas Corporation No. 2 |
| **Title of Action:** | Kim E. Couvillon vs. Cintas Corporation No. 2 |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | 15th Judicial District for Lafayette, LA |
| **Case/Reference No:** | C-20220610 |
| **Jurisdiction Served:** | Louisiana |
| **Date Served on CSC:** | 02/14/2022 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Law Offices of Kenneth W. Dejean<br>337-235-5294 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

LAFPC.CV.63769699

Requested by Atty.: DEJEAN, KENNETH W

# CITATION

| | |
|---|---|
| KIM E COUVILLON | 15TH JUDICIAL DISTRICT COURT |
| VS | DOCKET NUMBER: C-20220610 I |
| CINTAS CORPORATION NO 2 | PARISH OF LAFAYETTE, LOUISIANA |

**STATE OF LOUISIANA**

TO: CINTAS CORPORATION NO. 2
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
CORPORATION SERVICE COMPANY
501 LOUISIANA AVENUE
BATON ROUGE, LOUISIANA 70802

SERVICE COPY

of the Parish of E. BATON ROUGE

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, (exclusive of exhibits). You should file an answer or other pleading to said petition in the office of the Clerk of the 15th Judicial District Court in the Lafayette Parish Courthouse, Lafayette, Louisiana, within twenty-one (21) days after the service hereof, except as provided for by law. Alternatively, your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS THE HONORABLE JUDGES OF SAID COURT, this FEBRUARY 7, 2022.

*Tanaya M. Singleton*
Deputy Clerk of Court
Lafayette Parish

**THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.**

\*Attached are the following documents:
**ORIGINAL PETITION AND REQUEST FOR WRITTEN NOTICE**

---

SHERIFF'S RETURN
LAFAYETTE PARISH SHERIFF

DATE SERVED: _____, 20_____ TIME: _____
SERVED: _____
PERSONAL ( ) _____
DOMICILIARY ( ) ON _____
UNABLE TO LOCATE    MOVED ( )    NO SUCH ADDRESS ( )
OTHER REASON: _____
RECEIVED TOO LATE FOR SERVICE ( )
SERVICE OF WITHIN PAPERS
COSTS FEE $_____ MILEAGE $_____ TOTAL $_____
DEPUTY _____

Lafayette Parish
Filed Feb 07, 2022 1:15 PM
Martina Reaux
Deputy Clerk of Court
E-File Received Feb 07, 2022 1:09 PM

C-20220610

15th JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE
STATE OF LOUISIANA

KIM E. COUVILLON

VERSUS                                    DOCKET NO.: C-20220610

CINTAS CORPORATION NO. 2

## ORIGINAL PETITION

NOW INTO COURT, through undersigned counsel, comes KIM E. COUVILLON, a resident of and domiciled in the Parish of St. Martin, State of Louisiana, complaining of CINTAS CORPORATION NO. 2, a foreign corporation domiciled in the State of Nevada, authorized to do and doing business in the State of Louisiana, who respectfully represents that:

1.

On or around February 10, 2021, petitioner, KIM E. COUVILLON, was employed and working as a service advisor for her employer, Moss Motors, Inc., at its Mercedes Benz dealership located at 6142 Johnston Street in Lafayette, Louisiana (hereinafter referred to as "Moss Motors Mercedes Benz dealership" and/or "the dealership").

2.

At all times material hereto, the defendant, CINTAS CORPORATION NO. 2, (hereinafter referred to as "Cintas") was a vendor to Moss Motors which provided, installed and maintained various rugs and/or mats inside and/or around the Moss Motors Mercedes Benz dealership.

3.

The defendant named herein is justly and truly indebted unto petitioner for the injuries and damages set forth herein as a result of the negligent acts of said defendant, its agents, employees and/or representatives in causing an accident on or about February 10, 2021 in the Parish of Lafayette, State of Louisiana.

Certified True and Correct Copy
CertID: 2022020700480

Tanya M. Singleton
Lafayette Parish
Deputy Clerk of Court

Generated Date:
2/7/2022 2:23 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

4.

On or about February 10, 2021, at approximately 9:10 a.m., petitioner, Kim E. Couvillon, while working as a service advisor at the Moss Motors Mercedes Benz dealership, was entering the dealership through its service entrance when suddenly, without warning or notice, she fell as a result of a rug and/or mat, located on the floor inside the service entrance of the Moss Motors Mercedes Benz dealership, becoming entangled in her foot and/or feet. The rug and/or mat that became entangled in the foot and/or feet of Kim Couvillon was improperly and/or unsafely installed inside the service entrance of the Moss Motors Mercedes Benz dealership by an agent, employee and/or representative of Cintas.

5.

At all times material hereto, the rug and/or mat inside the service entrance of the Moss Motors Mercedes Benz dealership was owned, placed, installed, managed, maintained and under the control of the defendant, Cintas, and constituted an unreasonable risk of harm and an unreasonably dangerous condition. The rug and/or mat placed inside the service entrance of the dealership by an agent, employee and/or representative of Cintas was intended for use by invitees, pedestrians, patrons, employees, and customers, such as petitioner, Kim E. Couvillon. There were no warning signs and/or devices placed in and/or around the service entrance of the dealership where the rug and/or mat was installed/placed that the walking area may be unsafe. The risk of harm, namely a fall resulting in injury, was reasonably foreseeable by Cintas, its agents, employees and/or representatives from this hazardous and unreasonably dangerous condition.

6.

The rug and/or mat placed inside the service entrance of the Moss Motors Mercedes Benz dealership by an agent, employee and/or representative of Cintas was not an open, obvious, and apparent hazard given the appearance of the rug and/or mat. Petitioner, Kim E. Couvillon, was not aware of the unreasonably dangerous and hazardous condition of the and/or mat located inside the service entrance of the dealership prior to this incident.

Page 2 of 6

Certified True and Correct Copy
CertID: 2022020700480

Tanya M. Singleton
Lafayette Parish
Deputy Clerk of Court

Generated Date:
2/7/2022 2:23 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

7.

At all times material hereto, the rug and/or mat, was under the custody, care and control of the defendant, Cintas, and its agents, employees and/or representatives.

8.

At all times material hereto, defendant, Cintas, and/or its agents, employees, and/or representatives, failed to properly place, install, inspect, level and/or maintain the rug and/or mat located inside the service entrance of the dealership, so as to provide a safe walking surface and allow safe walking surfaces to invitees, customers, employees, patrons and/or the general public entering the Moss Motors Mercedes Benz dealership from hazards, such as the hazard that caused injuries to the petitioner, Kim E. Couvillon.

9.

On information and belief, prior to the February 10, 2021 incident, the defendant, Cintas, and/or its agents, employees and/or representatives knew and/or should have been aware that the rug and/or mat installed/placed inside the service entrance of the dealership created a unreasonably dangerous condition by being uneven, but failed to properly warn invitees, customers, employees, patrons and/or the general public entering the Moss Motors Mercedes Benz dealership from hazards, such as the hazard that caused injuries to the petitioners, Kim E. Couvillon. Furthermore, defendant, Cintas, and/or its agents, employees and/or representatives could have prevented the injuries to petitioner, Kim E. Couvillon, by exercising reasonable care in installing/placing, inspecting and/or maintaining the rug and/or mat it placed inside the service entrance of the Moss Motors Mercedes Benz dealership.

10.

In the alternative, even if defendant, Cintas, its agents, employees and/or representatives did not know of the existence of the unreasonably dangerous rug and/or mat, then defendant, Cintas, its agents, employees, and/or representatives should have known, through the exercise of reasonable care, that the rug and/or mat placed inside the service entrance of the Moss Motors Mercedes Benz dealership constituted an unreasonable risk of harm and an unreasonably dangerous condition.

Page 3 of 6

Certified True and Correct Copy
CertID: 2022020700480
Tanya M. Singleton
Lafayette Parish
Deputy Clerk of Court
Generated Date: 2/7/2022 2:23 PM
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

11.

A proximate cause of the accident and injuries sustained by Petitioner was a result of the following non-exclusive list of omissions and/or commissions on the part of the defendant, Cintas, its agents, employees and/or representatives, to-wit:

A) Failure to exercise reasonable care in placing, installing, managing, inspecting and maintaining the rug and/or mat located inside the service entrance of the Moss Motors Mercedes Benz dealership;

B) Failure to exercise reasonable care in keeping the rug and/or mat free of unreasonably dangerous risks of harm, including but not limited to wrinkling, buckling and/or curling;

C) Failure to ensure that the rug and/or mat was lying flat on the ground, flush with the floor.

D) Failure to properly place, install inspect and maintain the rug and/or mat, specifically when it was placed/installed inside the service entrance of the Moss Motors Mercedes Benz dealership;

E) Failure to develop, implement and/or adhere to safety procedures for placement, installation, inspection, and maintenance of the rug and/or mat, including the placement, installation, inspection and maintenance of the rug and/or mat located inside the service entrance of the Moss Motors Mercedes Benz dealership;

F) Failure to warn invitees, pedestrians, patrons, employees, and/or customers of the dealership of the condition of the rug and/or mat provided for them to use while utilizing the service entrance of the Moss Motors Mercedes Benz dealership;

G) Failure to train agents, employees and/or representatives of Cintas in safety protocol and maintenance, installation and inspection procedures for rugs and/or mats, specifically the placement of the rugs and/or mats inside the service entrance of the Moss Motors Mercedes Benz dealership;

H) The creation of unreasonably dangerous conditions and hazards in the placement/installation of rugs and/or mats, including but not limited to the placement/installation of the rug and/or mat inside the service entrance of the Moss Motors Mercedes Benz dealership;

I) Failure to do that which should have been done under the circumstances as to avoid the accident in question.

12.

Petitioner, Kim E. Couvillon, alleges that as a result of the accident she suffered injuries consisting of but not limited to injuries to her left humerus, left arm, left shoulder, right shoulder, neck, and the musculo-ligamentous structures thereof and other concomitant symptomatology commonly associated with said injuries.

Page 4 of 6

Certified True and Correct Copy
CertID: 2022020700480

Tanya M. Singleton
Lafayette Parish
Deputy Clerk of Court

Generated Date:
2/7/2022 2:23 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

13.

Petitioner, Kim E. Couvillion, alleges that she is entitled to and therefore claims damages in a reasonable sum for her past, present and future pain and suffering, mental anguish and anxiety, loss of enjoyment of lifestyle, residual physical and mental impairment and disability.

14.

As a result of the incident and her subsequent injuries, petitioner, Kim E. Couvillon, has incurred medical expenses, and petitioner anticipates incurring additional such expenses in the future; accordingly, petitioner claims that she is entitled to past, present and future medical expenses in a reasonable sum.

15.

As a result of this incident and her subsequent injuries, petitioner, Kim E. Couvillon, claims damages in a reasonable sum for her past, present, and future economic loss and/or for loss of earning capacity.

WHEREFORE, Petitioner, KIM E. COUVILLON, prays for judgment jointly, severally and in solido, condemning said defendant, CINTAS CORPORATION NO. 2, to pay unto Petitioner all general and special damages available to petitioner under law, in a reasonable sum, together with legal interest from date of judicial demand until paid and for all costs of these proceedings.

Respectfully submitted:

LAW OFFICES OF
KENNETH W. DEJEAN

_____
KENNETH W. DEJEAN (No. 4817)
ADAM R. CREDEUR (No. 35095)
NATALIE M. DEJEAN (No. 32423)
417 W. University Avenue (70506)
Post Office Box 4325
Lafayette, LA 70502
Phone: (337) 235-5294
Fax: (337) 235-1095
kwdejean@kwdejean.com
adam@kwdejean.com
natalie@kwdejean.com
COUNSEL FOR PETITIONER

Page 5 of 6


Certified True and
Correct Copy
CertID: 2022020700480

Tonya M. Singleton
Lafayette Parish
Deputy Clerk of Court

Generated Date:
2/7/2022 2:23 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**PLEASE SERVE:**

CINTAS CORPORATION NO. 2
Through its Registered Agent for Service of Process
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, Louisiana 70802

Page 6 of 6

Certified True and Correct Copy
CertID: 202202070048

*Tanya M. Singleton*
Lafayette Parish
Deputy Clerk of Court

Generated Date:
2/7/2022 2:23 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Lafayette Parish
Filed Feb 07, 2022 1:15 PM
Martina Reaux
Deputy Clerk of Court
E-File Received Feb 07, 2022 1:09 PM

C-20220610

## 15th JUDICIAL DISTRICT COURT
## PARISH OF LAFAYETTE
## STATE OF LOUISIANA

KIM E. COUVILLON

VERSUS                                                          DOCKET NO.: C-20220610

CINTAS CORPORATION NO. 2

---

### REQUEST FOR WRITTEN NOTICE

---

To:  Honorable Louis Perret
     Lafayette Parish Clerk of Court
     800 S. Buchanan St.
     Lafayette, Louisiana 70501

NOW INTO COURT, through undersigned counsel, come plaintiff, Kim E. Couvillon, who respectfully requests written notice of any trial, motion, or other proceeding scheduled to come before this Honorable Court or any other section of court in the above entitled and numbered lawsuit at least ten (10) days thereto in accordance with Article 1572 of the Louisiana Code of Civil Procedure.

Furthermore, written formal request is hereby made for notice of the rendition of all interlocutory orders or judgments that may be filed with your office pursuant to the provisions of Louisiana Code of Civil Procedure, Article 1914.

Lafayette, Louisiana, on this ____ day of February 2022.

Respectfully Submitted,

LAW OFFICES OF KENNETH W. DEJEAN

_____
Kenneth W. DeJean (No. 4817)
Adam R. Credeur (No. 35095)
Natalie M. DeJean (No. 32423)
417 W. University Avenue (70506)
Post Office Box 4325
Lafayette, LA 70502
Phone: (337) 235-5294
Fax: (337) 235-1095
kwdejean@kwdejean.com
adam@kwdejean.com
natalie@kwdejean.com
COUNSEL FOR PLAINTIFF


Certified True and Correct Copy
CertID: 2022020700479

Tanya M. Singleton
Lafayette Parish
Deputy Clerk of Court

Generated Date:
2/7/2022 2:23 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).